UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL O. WILLIAMS,

                Plaintiff,

-against-

UPS; SHANE; SAMMY (OMAR),

                Defendants.

24-CV-2404 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens, New York, filed this *pro se* action asserting claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New York State Human Rights Law. He sues: (1) his former employer, United Parcel Service ("UPS"); (2) "Shane"; and (3) "Sammy (Omar)." For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the venue provision for claims brought under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). With respect to claims brought under 42 U.S.C. § 1981 and state law, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff, who is a resident of Queens, New York, sues UPS and two of its employees for alleged employment discrimination and retaliation based on his race. He asserts that the UPS location where he worked is in Secaucus, New Jersey, which is in Hudson County, New Jersey, but he does not plead the residence of the two individual defendants. Plaintiff further asserts that the alleged events giving rise to his claims also occurred in Secaucus, New Jersey. Because nothing in the submission suggests that the alleged unlawful employment practices took place in the State of New York or that all of the defendants reside in the State of New York, it is clear that venue is not proper in this court under 42 U.S.C. § 2000e-5(f)(3) or Section 1391(b)(1), (2).[1]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in the State of New Jersey, which constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 42 U.S.C. § 2000e-5(f)(e);

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

§ 1391(b)(1), (2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 1, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge